**It is further ordered that this order resolves two objections filed as ECF Nos. 30 & 31.**

**SO ORDERED.**
**SIGNED this 24th day of June, 2013**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_/s/ Shelley D. Rucker_
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

KIMBERLY ANN STOW,                             No. 12-15398
                                               Chapter 13

    Debtor.

## MEMORANDUM AND ORDER

The court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 as made applicable to contested matters by Fed. R. Bankr. P. 9013.

### I. Facts

American InfoSource, LP ("Servicer"), as agent for Midland Funding, LLC ("Claimant") filed proof of claim no. 1 on October 31, 2012 for $1835.77. A limited power of attorney attached to the proof of claim states that Midland Funding, LLC, grants to American InfoSource, LP, power of attorney for the sole and limited purpose of filing a proof of claim in bankruptcy court. No other writing evidencing transfers of ownership is attached to the proof of claim.

1

Claim no. 1 indicates that the debtor may have scheduled this account as Cellco Partnership, number 8617, for "Revolving Credit/Services Rendered." The documentation which created the obligation between the Debtor and the previous creditor is not attached. Besides the power of attorney, the only supporting documentation attached to the proof of claim is a one page account statement. It indicates that the Claimant is the current creditor, that the account was opened on April 2, 2007, and that the last payment date was January 1, 2001, six years prior to the date the account was supposedly opened.  The charge-off date was October 17, 2007.  The statement reflects that the total claim due is $1,835.77 and is unsecured. No pre-petition interest or fees are claimed. The statement offers that Midland Credit Management, Inc., an affiliate of Midland Funding, LLC, will provide additional documentation supporting the claim upon reasonable request.

The Servicer also filed proof of claim no. 2 for Claimant on October 31, 2012, for $668.98. Proof of claim no. 2 reflects that it is for "Revolving Credit/ Services Rendered" in connection with a T-Mobile PCS Holdings, LLC, account no. 3182. Attached is the Statement of Accounts which reflects that the account was opened on July 5, 2007, but the last payment received was January 1, 2001, six years before the account was opened.  Neither fees nor interest is claimed. The remaining documentation is identical to that contained in proof of claim no. 1.

The Debtor served copies of the objections on the Servicer and provided 30 days' notice of the first hearing on January 31, 2013. No one from the Servicer, the Claimant or its affiliate responded in writing to the objections or amended either claim. Counsel for American InfoSource, LP, entered an appearance on March 12, 2013, and appeared on the Servicer's behalf at the April 11, 2013 hearing. The Debtor has not included Claimant, Servicer, Cellco or T-

2

Mobile PCS as a creditor in her schedules.

The Debtor filed objections to both claims and alleged that the claims should be disallowed because (a) the claims are barred from collection by the applicable statute of limitations; (b) the claims are not scheduled by the Debtor and are disputed; (c) pre-petition fees and interest are not itemized as required by Fed. R. Bankr. P. 3001(c)(2)(A); (d) there are no writings attached that shows that Midland Funding, LLC., is the owner of the claims; (e) American InfoSource, LP, wrongfully obtained the Debtor's personally identifying information and used it improperly to file the proofs of claim; and (f) the claims fail to conform substantially to the appropriate official form because the statement setting forth the penalty for presenting a fraudulent claim is not included on the proofs of claim. The Debtor seeks disallowance of the claims in their entirety.

On April 17, 2013, the Debtor submitted an additional late-filed exhibit of the transcript of the April 11, 2013 hearing at which these objections, among others, were addressed by counsel for the Debtor and the Claimant. Counsel for the Claimant announced no opposition to the objections and that the claims could be disallowed; however, he opposed any relief beyond what was proposed in the order. *Late Filed Exhibit of Transcript of Hearing on [40] De Novo Review Regarding Feasibility; [47] Objection to Claim #11 of American InfoSource; and [46] Objection to Claim #10 of American InfoSource Before the Honorable Shelley D. Rucker, United States Bankruptcy Judge,* at 5-6, Apr. 17, 2013, ECF No. 58.

In this case, the Debtor set her objections to the proofs of claim for hearing.1 The original hearing date was January 31, 2013, but it was continued to March 14, 2013, and then set

---

1 If the Debtor had used passive notice, the local rules require that the allegations be supported by an affidavit putting the facts into evidence unless the facts on which the Debtor relies are evident from the record. E.D.Tenn. LBR 3007-1(b).

3

for March 28, 2013. On March 22, 2013, the court granted the Debtor's motion to continue the hearing further to April 11, 2013. The Debtor was not present at any of the hearings. At the April 11, 2013, hearing, her attorney argued that the claims should be disallowed based upon the Debtor's sworn schedules of all of her debts which did not include any of the entities represented by proofs of claims 1 and 2. Counsel for the claimant stated that the Claimant does not oppose disallowance of its claims and that the Claimant chose not to comply with Fed. R. Bankr. P. 3001 based on economic considerations. The Claimant's decision either to oppose the objections or simply allow the claims to be disallowed also arose from economic considerations. Counsel for the Debtor contends that this approach is an abuse of the bankruptcy system.

### II.     Analysis

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The Debtor has objected to Claimant's proofs of claim. The Debtor contends that she does not owe these debts and further that their collection is barred by the statute of limitations. The Claimant does not oppose the relief requested. However, the Debtor's attorney has requested that the court grant the Debtor additional relief based on what he contends are abusive practices by this Claimant. Debtor's counsel argued that filing hundreds of claims with little or no documentation in knowing violation of the requirements of Rule 3001(c) is evidence of abuse. He argues that the decision not to follow the bankruptcy rules is an intentional one based on an economic decision by the Claimant. Claimant's counsel admitted that the failure to include all of the supporting documentation is an intentional decision made by his client based on the costs involved in providing that documentation. Late Filed Exhibit, at 4-5, Apr. 17, 2013, ECF No. 58. The court recognizes that this Claimant's decision to violate the rules

4

has required the Debtor to object to all of these claims, but the court has before it objections to the claims, not a motion for Rule 9011 sanctions nor a complaint seeking damages for abuse of process. The issue lies in what the Bankruptcy Code and Rules propose as a remedy for the violation of Rule 3001(c). The Sixth Circuit has limited that remedy to loss of the evidentiary presumption contained in Fed. R. Bank. P. 3001(f). *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F. 3d 931, 941 (6th Cir 2010). If the Claimant fails to respond or states that it does not oppose the disallowance, the claim will be disallowed. If the Debtor seeks any further relief such as an injunction or a claim for damages, an adversary proceeding must be filed. Fed. R. Bankr. P. 7001 (1) and (7).

The court finds that the debts are not owed by the Debtor. Alternatively, collection of the debts by the Claimant is unenforceable under applicable law as barred by the statute of limitations. Having disallowed the claims on these grounds, the court declines to make further findings regarding the remaining bases for the objections.

Accordingly,

It is ORDERED that the Objections by Debtor(s) to Claim No. 1 and 2 filed by American InfoSource, LP, as Agent for Midland Funding, LLC, are sustained and the claims are disallowed under 11 U.S.C. § 502(b). The request for any additional remedies is denied.

###